IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-136-JJF |
| | : | |
| ERIC HOLMES, | : | |
| | : | |
| Defendant. | : | |

**DEFENDANT'S MOTION TO SUPPRESS
PHYSICAL EVIDENCE AND STATEMENTS**

Defendant, Eric Holmes, by and through his undersigned counsel, Luis A. Ortiz, hereby moves this Court, pursuant to Federal Rule of Criminal Procedure 12(b)(3) and the Fourth and Fifth Amendments of the United States Constitution, for an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about October 7, 2007, including all statements made subsequent to the illegal search.

In support of this motion, Mr. Holmes avers as follows:[1]

1. On October 7, 2007, at approximately 1:16 am, Wilmington Police Department officers were patrolling in the area of 9th and Lombard Streets. While at this intersection, officers observed a white Buick Park Avenue displaying Delaware temporary registration tags. The officers recognized the driver of the vehicle as Eric Holmes whom they know from previous encounters. The officers

---

[1] The facts contained in paragraphs 1-5 of this motion were taken from the discovery. Although Mr. Holmes cites these facts in his motion, he does not concede that the events transpired as stated by the arresting officers. Mr. Holmes submits that an evidentiary hearing is needed to further develop the facts, which are determinative of this motion.

believed that Eric Holmes had a suspended driver's license. The officers allegedly did a check via DELJIS which confirmed this information. The officers followed the Buick Park Avenue which was traveling southbound on Lombard Street. Mr. Holmes allegedly failed to use a left turn signal while turning west onto 8th Street. The officers conducted a traffic stop of the vehicle for not using a turn signal and for driving with a suspended license.

    2. The vehicle that Mr. Holmes was driving pulled into the parking lot of the Towne Court Apartments. The officers allegedly observed Mr. Holmes lean forward and make a quick turn towards the rear of the vehicle while turning into the parking lot. The officers exited their vehicle and approached the parked Buick. The vehicle was also occupied by a front seat male passenger and a rear seat female passenger. The officers allegedly illuminated the interior of the vehicle and observed a black handgun on the floor behind the drivers seat. All of the occupants were then detained and transported to police central.

    3. While at police headquarters, all three occupants of the Buick were allegedly given Miranda warnings and interviewed. They gave three separate statements. The female passenger stated that she had been picked up by Mr. Holmes and another male. She alleges that, as Mr. Holmes was pulling his vehicle over, he placed a handgun at her feet in the rear of the vehicle.

    4. The front seat passenger also gave a statement. The front seat passenger alleges that the back seat passenger was already in the vehicle when he flagged down Mr. Holmes for a ride. The front seat passenger did not see a gun or Mr. Holmes place a gun in the rear of the vehicle. Eric Holmes gave a statement in which he denies having or seeing a firearm.

    5. On October 11, 2007, Mr. Holmes was indicted for being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2).

6. The Fourth Amendment protects "the right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures." See U.S. CONST. Amend. IV. As the Supreme Court has noted, "No right is held more sacred, or is more carefully guarded, by the common law, than the right of every individual to the possession and control of his own person, free from all restraint or interference of others, unless by clear and unquestionable authority of law." Terry v. Ohio, 392 U.S. 1, 9 (1968) (citing Union Pacific R.R. Co. v. Botsford, 141 U.S. 250, 251 (1891)). The Fourth Amendment permits officers to conduct a brief, investigatory stop if the officer has reasonable suspicion that "criminal activity may be afoot." Terry, 392 U.S. at 30. "Temporary detention of individuals during the stop of an automobile by the police, even if only for a brief and limited purpose, constitutes a 'seizure of persons' within the meaning of this provision." Whren v. United States, 517 U.S. 806, 809 (1996). In "justifying the particular intrusion, the police officer must be able to point to specific and articulable facts which, taken together with reasonable inferences from those facts, reasonably warrant that intrusion." Terry, 392 U.S. at 21.

7. Based upon information and belief, the police officers lacked reasonable suspicion to initiate the traffic stop of the Buick Park Avenue in this case. Although the police report asserts the officers' knowledge that the driver had a revoked/suspended license, and that they ran a DELJIS check based on this information, Mr. Holmes has not received any documented traffic citations or a printout of the DELJIS inquiry.

8. Additionally, all the police reports are redacted of any information concerning the passengers identification or the police officers identification. As such, Mr. Holmes must challenge the traffic stop as unsupported by the necessary reasonable suspicion. See United States v. Sharpe,

3

470 U.S. 675, 682 (1985) ("The authority and limits of the [Fourth] Amendment apply to investigative stops of vehicles. . . .").

9. Mr. Holmes also submits that any alleged statements made during, or subsequent to, his illegal search and seizure should be suppressed pursuant to the Fifth Amendment and <u>Miranda v. Washington</u>, 384 U.S. 436, 444 (1966) (stating that a suspect subjected to custodial interrogation must be advised of his rights prior to making a statement); <u>see</u> <u>also</u> <u>Wong Sun</u>, 371 U.S. 471 (stating that evidence from an illegal search must be suppressed in accordance with the "fruit of the poisonous tree doctrine").

10. Mr. Holmes reserves the right to file a Memorandum of Law in support of his Motion to Suppress Physical Evidence and Statements after the completion of a hearing in this matter.

**WHEREFORE**, Mr. Holmes respectfully requests that this Court conduct a hearing to further develop the facts related to this motion and enter an Order suppressing the Government's use of any and all evidence illegally seized by law enforcement officials on or about October 7, 2007, including all statements made subsequent to the illegal search.

                                          Respectfully Submitted,

                                          /s/
                                          LUIS A. ORTIZ
                                          Assistant Federal Public Defender

                                          Attorney for Eric Holmes

Federal Public Defender
District of Delaware
One Customs House
704 King Street, Suite 110
Wilmington, DE 19801
(302) 573-6010

Dated: November 9, 2007

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Criminal Action No. 07-136-JJF |
| | : | |
| ERIC HOLMES, | : | |
| | : | |
| Defendant. | : | |

## **ORDER**

**AND NOW**, this \_\_\_\_ day of _____, 2007, upon consideration of the Defendant's Motion to Suppress Physical Evidence and Statements, and the Government's response thereto, it is hereby ORDERED that the Motion is GRANTED.

All physical evidence seized by the Wilmington Police Department on October 7, 2007, and statements made by the Defendant to law enforcement officials on October 7, 2007, are hereby **SUPPRESSED**. Such physical evidence and statements shall be inadmissible, for any purpose, by the Government.

**BY THE COURT:**

_____
Honorable Joseph J. Farnan, Jr.
United States District Court Judge