UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| : | Criminal Action No. 07-136-JJF |
| Plaintiff, : | |
| v. : | |
| : | |
| ERIC HOLMES, : | |
| : | |
| Defendant. : | |

## GOVERNMENT'S PRE-HEARING RESPONSE TO DEFENDANT'S MOTION TO SUPPRESS PHYSICAL EVIDENCE AND STATEMENTS

COMES NOW, the United States, by and through its undersigned counsel, Colm F. Connolly, United States Attorney, and Martin C. Meltzer, Special Assistant United States Attorney, and respectfully submits the following response in opposition to Defendant's Motion to Suppress Physical Evidence and Statements. For the following reasons, Defendant's Motion should be denied:[1]

**I.      Government's Proposed Findings of Fact.**

1.      On October 7, 2007, at approximately 0116 hours, Wilmington Police Officers Kucharski and Hamrick were on routine patrol in the area of Lombard Street, in the city of Wilmington, New Castle County, State of Delaware. While parked between 9th and 10th Streets, the officers observed a vehicle driven by Eric Holmes, ("the defendant") going eastbound on 9th Street making a right-hand turn onto Lombard Street. The officers are familiar with the defendant

---

[1] The facts contained in this opposition are based on the evidence the Government expects will be introduced at any hearing on Defendant's Motion. Only those facts necessary to respond to Defendant's Motion are stated. The Government will supplement its opposition with evidence from the record after the hearing.

from previous encounters. Furthermore, the officers were aware the defendant's driving license was suspended and verified that fact by checking with DELJIS by computer.

2. The officers observed the defendant go south on Lombard Street and make a right turn onto 8th Street without signaling to make the turn. The officers then engaged their emergency lights in order to stop the vehicle.

3. The officers then observed the defendant making bodily turns and twisting motions in the driver's seat. Also, the defendant did not directly pull the vehicle over as directed by the police but he continued into the parking lot of the Compton Town Homes before coming to a stop.

4. The officers approached the vehicle. Officer Kucharski, who approached the driver side of the vehicle, illuminated the interior with his flashlight. As a result, he observed a Beretta, Model 92F, 9mm pistol, serial number BER091849Z, in plain view, behind the driver's seat on the floor between the rear passenger's legs. This passenger was directly behind the defendant in the vehicle. All occupants were removed from the vehicle and transported to the Wilmington Police Department without being questioned.

5. At the Wilmington Police Department occupant in the rear passenger seat behind the driver was Mirandized and interviewed. The occupant stated that she was getting a ride from the defendant when the police attempted to stop them, the defendant then reached behind his seat and placed the firearm on the floor between her legs.

## II. Government's Proposed Conclusions of Law.

### A. The Wilmington Police Officer Had Reasonable Suspicion to Believe That the Defendant's Vehicle Violated Delaware's Motor Vehicle Law.

6. To conduct an investigatory traffic stop, police officers must have reasonable suspicion to believe that an individual has violated the law. *See, e.g., United States v. Delfin-Colina,* 464 F.3d 392, 396-98 (3d Cir. 2006). The evidence will show that the Wilmington Police Officers had reasonable suspicion to believe that the defendant had violated 21 *Del. C.* § 2756, driving while suspended or revoked and 21 *Del. C.* § 4155, failing to signal for intention to turn.

7. The courts have consistently upheld vehicle stops for motor vehicle violations. *Delaware v. Scott,* Crim. A. Nos. IK04-02-0299-304, 2004 WL 1790136, at *2 (Del. Super. Ct. 28, 2004) (holding that officers had probable cause to stop vehicle for violation of 21 *Del. C.* § 2126 because temporary registration permit was not clearly visible in that it was attached to the rear window); *United States v. Leal,* No. 06-1447, 2007 WL 1655658, at *1 (3d Cir. June 8, 2007) (upholding a stop of a vehicle based on violation of Pennsylvania's restrictions on window tinting); *United States v. Kennedy,* No. 06-591, 2007 WL 1366967, at *1-2 (E.D. Pa. May 2, 2007) (upholding a stop of a vehicle based on violation of Pennsylvania's restrictions on window tinting); *See, e.g., United States v. Johnson,* 63 F.3d 242, 245 (3d Cir. 1995) ("However, a stop to check a driver's license and registration is constitutional when it's based on an 'articulable and reasonable suspicion that . . . either the vehicle or an occupant' has violated the law.") (quoting *Delaware v. Prouse,* 440 U.S. 648, 663 (1979)).

Accordingly, the defendant's motion to suppress based on a purported illegal vehicle stop

3

should be denied.

    **B.**     <u>**As a Result of a Legal Traffic Stop, a Police Officer Observed the Firearm "In Plain View" and therefore it is Admissible Evidence.**</u>

    8.     The defendant's vehicle was legally stopped for a traffic violation.

    9.     Upon approaching the vehicle Officer Kuchatski illuminated the interior of the vehicle for his partner's and his safety. As a result, he observed a firearm behind the driver's seat on the floor between the rear passenger's legs. The firearm was in plain view. It is settled law that, "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris v. United States*, 390 U.S. 234, 236 (1968); *United States v. Belle*, 593 F.2d 487, 400 (3rd Cir. 1979).

    Therefore, the defendant's Fourth Amendment Rights under the United States Constitution was not violated and the evidence should be denied.

    **C.**     <u>**The Defendant's Statements Are Admissible**</u>

    10.     Upon finding the firearm, the defendant along with the other occupants were removed from the vehicle. They were not questioned and transported to the Wilmington Police Station. *Miranda* protections are triggered only when the defendant is both in custody and is being interrogated. *United States v. Lawrence*, 952 F.2d 1034,1036 (8th Cir.). "Interrogation is expressed questioning in words or actions that the police should know are reasonable likely to elicit an incriminating response...." *Rhode Island v. Innis* 446 US 291, 301 (1980).

    11.     At the Wilmington Police Department the defendant was given their *Miranda* warnings. He stated he understood them and agreed to be interviewed. Where a defendant knowingly, voluntarily and intelligently waives his rights against self-incrimination those

statements may be admitted as evidence . *United States v. Jackson*, 2006 U.S. App. LEXIS 3955 (3rd Cir. February 17, 2006).

All of the statements made by the defendant was post *Miranda* warnings, voluntary and not coerced. Therefore his Fifth Amendment Rights were not violated and all his statements should be admitted.

                                           Respectfully submitted,
                                           COLM F. CONNOLLY
                                           United States Attorney

                                         By: _/s/ Martin C. Meltzer_
                                         Martin C. Meltzer (ID # 3053)
                                         Special Assistant United States Attorney
                                         The Nemours Building
                                         1007 Orange Street, Suite 700
                                         Wilmington, DE 19899-2046
                                         (302) 573-6277, ext. 157

Date:  December 11, 2007

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Criminal Action No. 07-136-JJF |
| | ) | |
| ERIC HOLMES, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

AND NOW, this _____ day of _____, 2007, upon consideration of Defendant's Motion to SUPPRESS PHYSICAL EVIDENCE, STATEMENTS, and the government's response thereto, it is hereby ORDERED that defendant's motions are DENIED.

By the Court:

_____
Hon. Joseph J. Farnan, Jr.
United States District Court