

**U.S. Department of Justice**

*United States Attorney's Office*
*District of Delaware*

---

*Nemours Building*
*1007 N. Orange Street, Suite 700*        (302) 573-6277
*P.O. Box 2046*                            FAX (302) 573-6220
*Wilmington, Delaware 19899-2046*

January 4, 2008

The Honorable Joseph J. Farnan, Jr.
United States District Judge
District of Delaware
United States Courthouse
844 North King Street, 4th Floor
Wilmington, DE 19801

    Re:   **United States v. Eric Holmes**
           <u>**Criminal Action No.  07-136-JJF**</u>

Dear Judge Farnan:

    Pursuant to the Court's order issued on December 17, 2007, in the case of *United States v. Holmes*, CA # 07-137 JJF, please accept this letter in lieu of a more formal response. The government also incorporates its pre-hearing argument into this response by reference.

    The evidence presented at the hearing supported that the stop of the defendant and the subsequent search of the vehicle were legal. The defendant presented no evidence to the contrary.

    As to the stop, both officers testified that the defendant made several illegal turns in violation of Delaware's Motor Vehicle laws prior to being stopped. In addition, both officers knew and verified that the defendant was driving the vehicle illegally on a suspended license. The officers had more than reasonable suspicion to have stopped the defendant for violating Delaware's Motor Vehicle laws. *United States v. Delfin-Colina*, 464 F.3d 392, 397-398, (3rd Cir. 2006)(Commission of a traffic violation justice a stop under the Fourth Amendment.)

    The search of the vehicle was also legal. The firearm was observed by Officer Kuscharski in "plain view." Upon approaching the vehicle at night Officer Kuscharski shined his flashlight into the interior of the vehicle to illuminate it for officer's safety. Before speaking to the defendant or having the occupants exit the vehicle, he spotted the firearm and signaled his partner. The firearm was sighted prior to any conducted search.

Once the firearm was observed on the floor in the rear of the vehicle, all of the occupants were removed and EDU was called. Officer Kuscharski's testimony was supported by the testimony of Officer Hamdrick. There was no testimony or evidence presented to the contrary.

The fact that the firearm was in "plain view" was also supported by the testimony of Officer Parrott who interviewed the passenger in the rear seat just behind the driver. According to her testimony and consistent with that of the officers, just before the defendant stopped the vehicle he turned in his seat (both officers testified the defendant turned and twisted in his seat just before he stopped the vehicle) and attempted to place the firearm under the seat in front of her. It landed on the floor in front of her between her legs. The only minor discrepancy is that she stated at one point the defendant placed the firearm under the seat in front of her as compared to it being placed just behind the seat in front of her. Obviously and consistent with all the statements of the witnesses, the defendant just before stopping the vehicle, removed the firearm from his waist band and attempted unsuccessfully to hide the firearm under the seat. He did not accomplish that feat and it landed just behind him and in front of the rear seated passenger in "plain view." It is well-settled law that "objects falling in the plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." *Harris v. United States*, 390 U.S. 234, 236 (1968); *United States v. Belle*, 593 F.2d 487, 400 (3rd Cir. 1979).

All the testimony and evidence support that the defendant was legally stopped and the subsequent discovery of the firearm was the result of a "plain view "observation by a well-trained police officer. Therefore, the Government having met its burden of proof, by a preponderance of evidence, that the seizure and search of the defendant and his vehicle did not violate the defendant's Fourth Amendment Rights, respectfully requests this Honorable Court to deny the defendant's motion

Thank you for your kind consideration.

Sincerely,

COLM F. CONNOLLY
United States Attorney

BY: /s/ Martin C. Meltzer
Martin C. Meltzer
Special Assistant United States Attorney

cc: Luis A. Ortiz, Esq.