IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 07-136-JJF |
| | ) |
| | ) |
| ERIC HOLMES, | ) |
| | ) |
| Defendant. | ) |

### MOTION IN LIMINE TO PRECLUDE DEFENDANT FROM IMPEACHING GOVERNMENT WITNESS WITH EVIDENCE OF JUVENILE ADJUDICATIONS

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and submits a motion in limine to preclude defendant from impeaching Government witness Leslie Inge with evidence of prior juvenile adjudications should she testify at trial. In support of this motion, the Government submits the following:

1. Defendant Eric Holmes was charged by a federal Grand Jury with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Trial is scheduled to begin on May 12, 2008.

2. At trial, the Government intends to call Leslie Inge as a witness. Ms. Inge has six prior misdemeanor juvenile adjudications, including:

- Escape in the third degree, in violation of 11 Del C. § 1251;

- Criminal mischief under $1,000, in violation of 11 Del. C. § 811(a)(1);

- Criminal trespass first degree, in violation of 11 Del. C. § 823;

- Offensive touching, in violation of 11 Del. C. § 601(a)(1);

- Shoplifting under $1,000, in violation of 11 Del. C. § 840(a)(3) ; and

- Disorderly conduct, in violation of 11 Del. C. § 1301(1)(b).

3. Federal Rule of Evidence 609 provides that the character of a witness for truthfulness may be impeached by evidence of a prior conviction under the following circumstances:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
>
>> (1) evidence that a witness other than an accused has been convicted of a crime shall be admitted, subject to Rule 403, if the crime was punishable by death or imprisonment in excess of one year under the law under which the witness was convicted, and evidence that an accused has been convicted of such a crime shall be admitted if the court determines that the probative value of admitting this evidence outweighs its prejudicial effect to the accused;
>>
>> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a). "Evidence of juvenile adjudications is generally not admissible under [Rule 609]." Fed. R. Evid. 609(d). The Court, however, has discretion to "allow evidence of a juvenile adjudication of a witness other than the accused if conviction of the offense would be admissible to attack the credibility of an adult and the court is satisfied that admission in evidence is necessary for a fair determination of the issue of guilt or innocence." Id.

4. Here, none of Ms. Inge's convictions were for crimes "punishable by . . . imprisonment in excess of one year." Thus, defendant cannot impeach her with the misdemeanor adjudications under Fed. R. Evid. 609(a)(1). United States v. Hans, 738 F.2d 88, 93 (3d Cir. 1984).

5. Moreover, Ms. Inge has not been convicted of any crimes involving "an act of dishonesty or false statement" with which she can be impeached under Fed. R. Evid. 609(a)(2). Although left undefined by the Rule itself, the Committee Notes to Rule 609(a)(2) explain that

2

offenses involving an act of "dishonesty or false statement by a witness" refer to "crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully." Fed. R. Evid. 609, 2006 Committee Note. In determining whether a criminal offense involved an act of "dishonesty or false statement by a witness," courts look to the statute of conviction and the elements of the offense. Hans, 738 F.2d at 93 (examining the statutory language of the offense to conclude that interstate transportation of forged securities was a *crimen falsi*). If the "deceitful nature of the crime is not apparent from the statute and the face of the judgment," courts may also look to other information "such as an indictment, a statement of admitted facts, or jury instructions to show that a facfinder had to find, or a defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted." Fed R. Evid. 609, 2006 Committee Note.

6. Ms. Inge's juvenile adjudications for escape in the third degree (11 Del. C. § 1251),[1]

---

[1] The statute provides that "[a] person is guilty of escape in the third degree when the person escapes from custody, including placement in nonsecure facilities by the Division of Youth Rehabilitative Services." 11 Del. C. § 1251.

offensive touching (11 Del. C. § 601(a)(1)),[2] disorderly conduct (11 Del. C. § 1301(1)(b)),[3] criminal trespass (11 Del. C. § 823),[4] and criminal mischief (11 Del. C. § 811(a)(1)),[5] are clearly not *crimen falsi*, as none of these offenses involve an act of "dishonesty or false statement by a witness."

7.  Defendant may attempt to argue that he should be permitted to impeach Ms. Inge on her juvenile adjudication for shoplifting under $1,000, in violation of 11 Del. C. § 840(a)(3). Under the statute, "[a] person is guilty of shoplifting if, while in a mercantile establishment in which goods, wares or merchandise are displayed for sale, the person: (3) [c]onceals any such goods, wares or merchandise with like intent[.]" 11 Del. C. § 840(a)(3). The offense does not require the offender to make any misrepresentations in order to obtain property; rather, it is a theft offense which is committed when an offender commits the physical act of concealing property from its true owner.

8.  The overwhelming weight of authority holds that shoplifting convictions, such as that committed by Ms. Inge, do not involve "dishonesty or a false statement" and may not be used to

---

[2] The statute provides that "[a] person is guilty of offensive touching when the person: (1) Intentionally touches another person either with a member of his or her body or with any instrument, knowing that the person is thereby likely to cause offense or alarm to such other person." 11 Del. C. § 601(a)(1).

[3] The statute states that a person is guilty of disorderly conduct when:
(1) The person intentionally causes public inconvenience, annoyance or alarm to any other person, or creates a risk thereof by:
    b. Making an unreasonable noise or an offensively coarse utterance, gesture or display, or addressing abusive language to any person present[.]
11 Del. C. § 1301(b)(1).

[4] The statute provides that "[a] person is guilty of criminal trespass in the first degree when the person knowingly enters or remains unlawfully in a dwelling or building used to shelter, house, milk, raise, feed, breed, study or exhibit animals." 11 Del. C. § 823.

[5] The statute states that "[a] person is guilty of criminal mischief when the person intentionally or recklessly: (1) Damages tangible property of another person[.]" 11 Del. C. § 811(a)(1).

impeach a defendant under Rule 609(a)(2). Medrano v. City of Los Angeles, 973 F.2d 1499 (9th Cir. 1992); United States v. Scisney, 885 F.2d 325 (6th Cir. 1989); United States v. Entrekin, 624 F.2d 597 (5th Cir. 1980); United States v. Barnes, 622 F.2d 107 (5th Cir. 1980); United States v. Ashley, 569 F.2d 975 (5th Cir. 1978); United States v. Dorsey, 591 F.2d 922 (D.C. Cir. 1978); United States v. Ortega, 561 F.2d 803 (9th Cir. 1977); but c.f., McHenry v. Chadwick, 896 F.2d 184 (6th Cir. 1990) (holding that a shoplifting conviction may not generally be used to impeach a witness, but that Tennessee courts had held that shoplifting was a crime of dishonesty); United States v. Crawford, 613 F.2d 1045 (D.C. Cir. 1979) (holding that shoplifting may or may not be probative of a lack of veracity, depending on the nature and circumstances of the crime). In similar decisions, the United States Court of Appeals for the Third Circuit has held that it is impermissible to impeach a witness with evidence of a prior petit larceny conviction, as such an offense does not involve dishonesty or a false statement. United States v. Johnson, 388 F.3d 96, 99-100 (3d Cir. 2004); Gov't of the V.I. v. Toto, 529 F.2d 278 (3d Cir. 1976); see also Fed. R. Evid 609, 1990 Committee Notes (observing that "some decisions . . . take an unduly broad view of 'dishonesty,' admitting convictions such as for bank robbery or bank larceny"). Accordingly, defendant should be precluded from impeaching Ms. Inge with her prior juvenile adjudication for shoplifting.

9. For these reasons, the Government respectfully moves for an *in limine* ruling precluding defendant from impeaching Leslie Inge with evidence of her prior misdemeanor juvenile adjudications.

>Respectfully submitted,
>
>COLM F. CONNOLLY
>United States Attorney
>
>
>/s/ Robert F. Kravetz
By: Robert F. Kravetz
>Assistant United States Attorney

Dated: May 5, 2008

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 07-136-JJF |
| | ) |
| ERIC HOLMES, | ) |
| | ) |
| Defendant. | ) |

### ORDER

**AND NOW**, this _____ day of _____, 2008, having considered the United States Motion in Limine to Preclude Defendant from Impeaching Government Witness Leslie Inge with Evidence of Prior Juvenile Adjudications, it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that defendant is not permitted to inquire on cross-examination into criminal misdemeanor juvenile delinquencies sustained by Leslie Inge.

By the Court:

_____
Hon. Joseph J. Farnan, Jr.
United States District Judge