IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 07-136-JJF |
| | ) |
| | ) |
| ERIC HOLMES, | ) |
| | ) |
| Defendant. | ) |

**MOTION IN LIMINE TO IMPEACH DEFENDANT WITH
PRIOR CONVICTIONS INVOLVING DISHONESTY OR A FALSE STATEMENT**

NOW COMES the United States of America, by and through its attorneys, Colm F. Connolly, United States Attorney for the District of Delaware, and Robert F. Kravetz, Assistant United States Attorney, and submits a motion in limine to impeach defendant Eric Holmes under Fed. R. Evid. 609(a)(2) with his two prior convictions involving dishonesty or a false statement should defendant choose to testify at trial. In support of this motion, the Government submits the following:

1.   Defendant Eric Holmes was charged by a federal Grand Jury with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). Trial is scheduled to begin on May 12, 2008.

2.   On January 16, 2007, defendant was convicted of two crimes in New Castle County Superior Court involving dishonesty or a false statement: forgery (third), in violation of 11 Del. C. § 861(a)(2), and criminal impersonation of another to obtain a benefit or defraud, in violation of 11 Del. C. § 907(1). The Government seeks to impeach Defendant in his criminal case with these convictions should he choose to testify.

3. Federal Rule of Evidence 609(a)(2) provides that the accused in a criminal case may be impeached by evidence of a prior conviction under the following circumstances:

> (a) General rule.--For the purpose of attacking the character for truthfulness of a witness,
>
> (2) evidence that any witness has been convicted of a crime shall be admitted regardless of the punishment, if it readily can be determined that establishing the elements of the crime required proof or admission of an act of dishonesty or false statement by the witness.

Fed. R. Evid. 609(a)(2).

4. Rule 609(a)(2) permits the automatic impeachment of a witness who has committed a crime involving dishonesty or a false statement. United States v. Wong, 703 F.2d 65, 68 (3d Cir. 1983) (holding that Rule 609(a)(2) is not qualified by the Rule 403 balancing test, and stating that a district judge "has no authority to prohibit the government's effort to impeach the credibility of a witness by questions concerning a prior *crimen falsi* conviction"). The rule applies to *all* testifying witnesses, including a defendant who testifies on his own behalf in a criminal trial. Id.

5. Although left undefined by the Rule itself, the Committee Notes to Rule 609(a)(2) explain that offenses involving an act of "dishonesty or false statement by a witness" refer to "crimes such as perjury, subornation of perjury, false statement, criminal fraud, embezzlement, or false pretense, or any other offense in the nature of *crimen falsi*, the commission of which involves some element of deceit, untruthfulness, or falsification bearing on the [witness's] propensity to testify truthfully." Fed. R. Evid. 609, 2006 Committee Note. In determining whether a criminal offense involved an act of "dishonesty or false statement by a witness," courts look to the statute of conviction and the elements of the offense. United States v. Hans, 738 F.2d 88, 93 (3d Cir. 1984) (examining the statutory language of the offense to conclude that interstate transportation of forged

2

securities was a *crimen falsi*). If the "deceitful nature of the crime is not apparent from the statute and the face of the judgment," courts may also look to other information "such as an indictment, a statement of admitted facts, or jury instructions to show that a facfinder had to find, or a defendant had to admit, an act of dishonesty or false statement in order for the witness to have been convicted." Fed R. Evid. 609, 2006 Committee Note.

6. The first crime with which the Government requests to impeach defendant is his conviction for forgery, in violation of 11 Del. C. § 861(a)(2). That statute provides that:

> (a) A person is guilty of forgery when, intending to defraud, deceive or injure another person, or knowing that the person is facilitating a fraud or injury to be perpetrated by anyone, the person:
>
> ****
>
> (2) Makes, completes, executes, authenticates, issues or transfers any written instrument which purports to be the act of another person, whether real or fictitious, who did not authorize that act, or to have been executed at a time or place or in a numbered sequence other than was in fact the case or to be a copy of an original when no original existed[.]

The essence of the offense is a misrepresentation made by the transferor of a written instrument to the transferee. See DELAWARE CRIMINAL CODE WITH COMMENTARY 296 (1973) ("The criminal act may be . . . (2) making or uttering a written instrument, purporting it to be what it in fact is not, either in respect to its signer, the time, place or sequence of its execution, or its authenticity."). Indeed, the United States Court of Appeals for the Third Circuit has held that forgery is a *crimen falsi* and that a witness may be impeached with evidence of a prior forgery conviction under Rule 609(a)(2). See Wagner v. Firestone Tire & Rubber Co., 890 F.2d 652, 655 n.3, 656 (3d Cir. 1989). Other courts have reached the same conclusion. See, e.g., United States v. Newman, 849 F.2d 156, 163 (5th Cir. 1988); United States v. Bay, 762 F.2d 1314, 1317 (9th Cir. 1984); United States v.

Dixon, 547 F.2d 1079, 1083 (9th Cir. 1976); United States v. DiLorenzo, 429 F.2d 216, 220 (2d Cir. 1970); United States v. Mahone, 328 F.Supp.2d 77, 82-82 (D. Me. 2004).

7.   The Government also requests to impeach defendant with his prior conviction for criminal impersonation, in violation of 11 Del. C. § 907(1). The offense of criminal impersonation contains four essential elements, including: (1) the impersonation of another person (2) while acting in an assumed character (3) intending (4) to injure or defraud another person. The plain meaning of the verb "impersonate" means "to assume the character of; pretend to be in actuality or personality, appearance, or behavior." WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 1133 (1966). At its core, the offense punishes an offender who assumes a false identity to the detriment of another person. As such, criminal impersonation is a classic *crimen falsi* offense – a crime "involving, or at least relating to, communicative, often verbal dishonesty." Gov't of the V.I. v. Toto, 529 F.2d 278, 281 (3d Cir. 1976); see also BLACK'S LAW DICTIONARY 401 (8th ed. 2004) (defining *crimen falsi* as a crime "that involves some element of dishonesty or false statement"). Accordingly, the government should be permitted to impeach defendant with his conviction for criminal impersonation if he testifies at trial. See Brundridge v. City of Buffalo, 79 F.Supp.2d 219, 225 (W.D.N.Y. 1999) (holding that a conviction for criminal impersonation, under a similar New York statute, was a *crimen falsi* offense that could be used to impeach a witness under Rule 609(a)(2)); see also Martin v. National R.R. Passenger Corp., No. 94 CIV 8381 (RLE), 1998 WL 575183, * 4 (S.D.N.Y. Sept. 9, 1998) (holding that a witness's conviction for criminal impersonation would be admissible for impeachment purposes under Rule 609(a)(2)).

8.  For these reasons, the Government respectfully moves that it be able to impeach Defendant with evidence of his prior forgery and criminal impersonation convictions should he choose to testify at trial.[1]

                                    Respectfully submitted,

                                    COLM F. CONNOLLY
                                  United States Attorney

                                  /s/ Robert F. Kravetz
                        By:  Robert F. Kravetz
                                  Assistant United States Attorney

Dated: May 5, 2008

---

[1] Evidence of a prior conviction of dishonesty or a false statement is admissible if "either the conviction or the witness' release from prison occurred within 10 years of the trial." United States v. Hans, 738 F.2d 88, 93 (3d Cir. 1984). Since defendant was convicted of both crimes on January 16, 2007, his conviction qualifies under the ten-year requirement of Rule 609(b).

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Criminal Action No. 07-136-JJF |
| | ) |
| ERIC HOLMES, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**AND NOW**, this _____ day of _____, 2008, having considered the United States Motion in Limine to Impeach Defendant with Prior Convictions Involving Dishonesty or a False Statement, it is hereby **ORDERED** that the motion is **GRANTED**.

**IT IS FURTHER ORDERED** that the United States may impeach the defendant with evidence of his prior convictions for forgery (third), in violation of 11 Del. C. § 861(a)(2), and criminal impersonation of another to obtain a benefit or defraud, in violation of 11 Del. C. § 907(1), by inquiring as to each conviction into the type of the offense, the date of the conviction, and the sentence that he received.

By the Court:

_____
Hon. Joseph J. Farnan, Jr.
United States District Judge