IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | |
| v. | : | Criminal Action No. 07-136-JJF |
| ERIC HOLMES, | : | |
| Defendant. | : | |

DEFENDANT'S RESPONSE TO
MOTION IN LIMINE RE: JUVENILE ADJUDICATIONS

AND NOW comes the Defendant, Eric Holmes, by his attorney, Luis A. Ortiz, of the Federal Public Defenders Office, and files this memorandum of law in response to the government's motion *in limine* re: juvenile adjudications.

Defendant, Eric Holmes, has been charged with one count of a possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1). The firearm was discovered during a police search of a vehicle which had been operated by Mr. Holmes. The gun was found in the backseat of the vehicle, near Leslie Inge, a 17-year-old passenger. It is anticipated that Ms. Inge will testify that the gun belonged to Mr. Holmes.

The government has filed a motion *in limine* seeking to preclude defense counsel from impeaching Ms. Inge based upon her six prior juvenile adjudications. The government argues that these juvenile adjudications do not meet the standard for admissible impeachment under Rule 609 of the Federal Rules of Evidence.

It is true that the juvenile adjudications do not come within the impeachment standard of FRE 609. This does not mean, however, that the adjudications are inadmissible for *all* purposes. As stated in a learned treatise: "The subject of Fed. R. Evid. 609 is showing untruthful disposition, and what the provision does not cover is almost as important as what it does. It does not govern other methods of impeachment in which convictions might be used, including attacks showing bias or contradicting the testimony of the witness." 3 Christopher B. Mueller & Laird C. Kirkpatrick, Federal Evidence § 6:42 (3d ed.).

Defense counsel believes that Ms. Inge's juvenile adjudications are relevant in showing bias and interest under FRE 607. Specifically, Ms. Inge's status as a juvenile probationer, her status as a juvenile recidivist, and her interest in avoiding a sentence which accounted for her recidivism, gave her a motive to falsely attribute the firearm to another person. This bias and interest is relevant to the witness' credibility, and is thus a relevant topic of impeachment under FRE 607.

FRE 607 provides that "[t]he credibility of a witness may be attacked by any party, including the party calling the witness." The credibility of a witness may be attacked based upon bias and interest. United States v. Abel, 469 U.S. 45, 51, 105 S.Ct. 465, 468 (1984) (citing, in part, FRE 607). Indeed, the Supreme Court has held that a trial court's refusal to allow cross-examination of a government witness, to show that witness' probationary status following a juvenile adjudication, denied the defendant his Sixth Amendment right of confrontation. Davis v. Alaska, 415 U.S. 308, 94 S.Ct. 1105 (1974). Given this Supreme Court precedent, it is defense counsel's intent to show that on the date alleged in the indictment: (1) Ms. Inge was under the supervision of the juvenile court; (2) Ms. Inge had reason to fear that she would be in violation of her terms of supervision if she was found in possession of the firearm, and (3) Ms.

Inge had reason to fear a substantial violation sentence based upon her status as a six-time juvenile offender. These factors give the defendant a motive to falsely accuse others, and are thus proper subjects of cross-examination under FRE 607.

In addition, the government may be aware of one or more instances where Ms. Inge made untruthful statements to authorities. Specifically, the government's review of Ms. Inge's juvenile and adult history may reveal occasions where she lied to police, to juvenile authorities, to school officials or to other persons in positions of authority. At the discretion of the Court, instances of untruthfulness may be a proper subject for cross-examination under FRE 608(b)(1). If such instances of untruthfulness are reflected in Ms. Inge's juvenile or adult files, defendant requests the disclosure of this evidence. See Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763 (1972) (due process clause requires disclosure of impeachment materials regarding government witnesses).

Respectfully submitted,

 /s/ Luis A. Ortiz
LUIS A. ORTIZ, ESQUIRE
Assistant Federal Public Defender
Federal Public Defender
District of Delaware
One Customs House
704 King Street, Suite 110
Wilmington, DE  19801
(302) 573-6010

Attorney for Eric Holmes

Dated: May 6, 2008