IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff | : | |
| | : | Criminal Action No. 07-136-JJF |
| v. | : | |
| | : | |
| ERIC HOLMES, | : | |
| | : | |
| Defendant | : | |

DEFENDANT'S MEMORANDUM OF LAW
REGARDING REVERSE 404(b) EVIDENCE

AND NOW comes the defendant, Eric Holmes, by his attorney, Luis A. Ortiz, of the Federal Public Defenders' Office, and files this Memorandum of Law Regarding Reverse 404(b) Evidence.

Under FRE 404(b), evidence of "other crimes, wrongs or acts" may be admissible as "proof of motive." In this case, defense counsel intends to cross-examine government witness Leslie Inge regarding prior bad acts which suggest that *she* had a motive to possess the firearm identified in the indictment.

The firearm at issue was discovered near Leslie Inge, the backseat passenger in an automobile operated by Eric Holmes. According to the prosecution, Ms. Inge will testify that the gun belonged to defendant Eric Holmes. At trial, defense counsel intends to confront Ms. Inge with evidence that she had involved herself in a violent drug sub-culture, and thus had a motive to possess the firearm.

Defense investigation reveals that Leslie Inge maintained a "MySpace.com" internet page under the name "SWEET & RIPE." Copies of the MySpace pages are attached to the hard copy of this memorandum, provided to both the Court and the Government. One set of internet photographs shows Ms. Inge handling piles of twenty-dollar bills (photos 14, 17, 18, 20, 24 and 25); given that Ms. Inge was a 17-year-old girl with no source of income, it is fair to infer that the cash represented proceeds of illegal activity. Another photograph shows Ms. Inge with a cigar in her mouth, and is captioned "Roll Somthin Else Up So I Can Just Blow My Mind! … BLOW MY MIND!" (Photo 8). This photo and caption may reasonably be taken as a reference to the smoking of illegal drugs. Finally, in the "blurbs" section of the web page, Ms. Inge describes, in capitalized text, the type of man she would like to meet through the My Space website:

> A REAL NIGGA WIT HIS PRIORITIES STRAIGHT DAT SMOKE AND DRINK AND GET MONEY A BITCH DAT *RIDE OR DIE* AND SMOKE AND DRINK AND GET MONEY CAUSE U BITCHS IZ WACK & DON'T GET MONEY OR I AINT MEET NONE YET

(emphasis added). The use of the phrase "ride or die" reflects Ms. Inge's knowledge that she is participating in a violent sub-culture.

Ms. Inge's involvement with a violent drug sub-culture provided her with a motive to possess a firearm, and that motive is relevant under FRE 404(b). See United States v. Fuller, 887 F.2d 144, 147 (8th Cir. 1989) (in prosecution for possession of sawed-off shotgun, district court admitted evidence connecting defendant to drug paraphernalia; court of appeals holds that the paraphernalia evidence was properly admitted under 404(b), because it showed defendant's motive to possess a firearm). See also United States v. Weems, 322 F.3d 18, 25 (1st Cir. 2003) (in prosecution for felon in possession of a firearm, evidence of drug dealing at house where

defendant arrested was admissible under 404(b) because it reflected that defendant had a motive to possess a firearm).

The Supreme Court requires district court judges to engage in a three-part analysis when determining whether to admit evidence of prior bad acts under FRE 404(b).  First, the district court must determine whether the prior bad act is offered for a proper evidentiary purpose; second, the district court must determine whether the evidence is relevant under FRE 402; third, the district court must determine whether the probative value of the evidence is substantially outweighed by the danger of unfair prejudice under FRE 403.  Huddleston v. United States, 485 U.S. 681, 691, 108 S.Ct. 1496, 1502 (1988).  Consistent with this formula, defendant asks this Court to find as follows: first, that in a prosecution for illegal possession of a firearm, there is a "proper evidentiary purpose," under FRE 404(b), in showing that a person other than defendant had a "motivation" to possess the firearm at issue; second, that Ms. Inge's participation in a violent drug sub-culture is relevant to her motivation to possess a firearm; and third, that the probative value of the bad acts evidence is not substantially outweighed by the potential for unfair prejudice against Ms. Inge.

To the extent that there is any dispute regarding the admissibility of the above-described evidence, it is requested that the Court take into account the defendant's Sixth Amendment right to confront and cross-examine witnesses regarding bias and motive.  As stated by the Supreme Court, "the exposure of a witness's motivation in testifying is a proper and important function of the constitutionally protected right of cross-examination."  Davis v. Alaska, 415 U.S. 308, 316-17, 94 S.Ct. 1105, 1110-11 (1974).

WHEREFORE, it is respectfully requested that the above-described 404(b) evidence be ADMITTED.

                                        Respectfully Submitted,

                                        */s/ Luis A. Ortiz*
                                        Luis A. Ortiz, Esquire
                                        Assistant Federal Public Defender
                                        Federal Public Defender's Office
                                        District of Delaware
                                        One Customs House
                                        704 King Street, Suite 110
                                        Wilmington, DE   19801
                                        (302) 573-6010
                                        ecf_de@msn.com

                                        Attorney for Eric Holmes

Dated: May 9, 2008